## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Christopher J. Petersen
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Maritta Freeman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 20, 2018

Court of Appeals Case No.
20A03-1704-CR-864

Appeal from the Elkhart Superior Court

The Honorable Evan S. Roberts, Judge

Trial Court Cause No.
20D01-1507-F5-164

**Baker, Judge.**

[1] Maritta Freeman appeals her convictions for Battery With a Deadly Weapon,[1] a Level 5 Felony; Domestic Battery,[2] a Class A Misdemeanor; and Resisting Law Enforcement,[3] a Class A Misdemeanor. Freeman argues that the trial court erred in excluding a statement that should have been admitted under the excited utterance exception to the hearsay rule. Finding that the statement was properly excluded, we affirm.

## Facts

[2] On July 4, 2015, Freeman and her live-in boyfriend, David Wilson, got into an argument, and Wilson called the police. Corporal Jeff Weaver spoke with Wilson, who had a cut on his right arm. Corporal Weaver asked Wilson how he obtained the injury, and Wilson did not answer the question directly, but stated that he did not want to press charges. Additionally, Wilson showed Corporal Weaver a broken window in the front door. Freeman, who was in the living room, did not appear to have any injuries, but had blood on her arms and shoulder, and above her right eye. Also in the living room, officers found a kitchen knife with red stains.

---

[1] Ind. Code § 35-42-2-1.

[2] I.C. § 35-42-2-1.3.

[3] Ind. Code § 35-44.1-3-1.

[3] On July 8, 2015, the State charged Freeman with Level 5 felony battery with a deadly weapon, Class A misdemeanor domestic battery, and Class A misdemeanor resisting law enforcement.

[4] A jury trial took place on February 21, 2017, during which Wilson testified that on the date of the incident, he had been locked out of the house because he had forgotten his keys. To enter the house, he broke a window, cutting his arm in the process. However, Corporal Weaver testified that there was no glass in Wilson's injury and Corporal Lee Brooks testified that there was no blood on the broken window.

[5] Additionally, Wilson testified that after he entered the house, he used the kitchen knife to cut off his blood-soaked shirt. As he walked through the house, Freeman was sitting in the living room, talking to her daughter on the phone. Wilson stated that Freeman was speaking "real loudly, mad, and angrily." Tr. Vol. III p. 26. The State objected on hearsay grounds to Wilson testifying about the statement Freeman made to her daughter, and the trial court sustained the objection. A hearing was conducted outside the presence of the jury, and Freeman made an offer to prove. During the offer to prove, Wilson testified that Freeman told her daughter, "Carmella, this fool done cut his self." *Id*. at 53. The trial court confirmed its previous ruling and stated that there had been no foundation laid for an excited utterance exception to the hearsay rule.

[6] On February 22, 2017, the jury found Freeman guilty on all counts. On March 20, 2017, the trial court sentenced Freeman to concurrent sentences of three

years incarceration for battery with a deadly weapon and ninety days each for domestic battery and resisting law enforcement. Freeman now appeals.

# Discussion and Decision

Freeman argues that Wilson's testimony about her statement to her daughter was erroneously excluded from evidence. Specifically, Freeman maintains that the statement should have been admitted under the excited utterance exception to the hearsay rule.

In addressing this contention, we note that the admission and exclusion of evidence falls within the trial court's sound discretion, and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances before it. *Johnson v. State*, 6 N.E.3d 491, 498 (Ind. Ct. App. 2014). Further, we will not reweigh the evidence and will consider conflicting evidence in a light most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005).

The law regarding hearsay and excited utterances is well established:

> Hearsay is an out of court statement offered to prove the truth of the matter asserted. It is inadmissible unless it falls under an exception. Among exceptions to the hearsay rule [is the excited utterance exception]. . . . For a hearsay statement to be admitted as an excited utterance, three elements must be shown: (1) a startling event, (2) a statement made by a declarant while under the stress of excitement caused by the event, and (3) that the statement relates to the event. This is not a mechanical test. It turns on whether the statement was inherently reliable because

the witness was under the stress of an event and unlikely to make deliberate falsifications.

*Jenkins v. State*, 725 N.E.2d 66, 68 (Ind. 2000) (internal citations omitted).

[10]     Freeman argues that a startling event occurred when Wilson entered the house with a bloody shirt. Accepting for argument's sake that this qualifies as a startling event, we must determine whether Freeman was under the stress of excitement caused by the event when she made the statement at issue. The only evidence offered in this regard was that Freeman was talking on the phone "real loudly, mad, and angrily." Tr. Vol. III. P. 26. When asked whether Freeman had an opportunity to observe Wilson, Freeman testified, "No. I really did not. I was on the phone with my daughter and I recall him coming through the bedroom headed towards the kitchen." *Id*. at 202. In other words, even if the event was startling, there is no evidence that Freeman observed it. Consequently, Freeman's statement could not have been made while under the stress of the event and the trial court did not err by finding that it does not fall under the exception to the hearsay rule, thereby excluding it from evidence.

[11]     Moreover, even if the trial court erroneously excluded Wilson's testimony, the error would have been harmless. Errors in the exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of the defendant. *Allen v. State*, 813 N.E.2d 349, 361 (Ind. Ct. App. 2004). While Wilson was not permitted to testify as to Freeman's statement, Freeman herself testified about it. Tr. Vol. III p. 203. As a result, Wilson's testimony was

cumulative of other evidence that was properly admitted, and any error was harmless.

[12] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur..